THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PTP ONECLICK, LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>AVALARA, INC,<br><br>                    Defendant. | No. No. 2:19-cv-00640-JLR<br><br>STIPULATED PROTECTIVE ORDER<br><br>NOTE ON MOTION CALENDAR:<br>July 1, 2019 |

## 1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c), as counsel for both parties have conferred by e-mail and telephone, and, as of the date of filing, agree to the form of this proposed Stipulated Protective Order. It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

Pursuant to Local Civil Rule 26(c)(2), the parties began with the District's Model Protective Order and have identified departures from the model in redline, attached hereto as

1   Exhibit 1.

2   **2.   DEFINITIONS**

3       2.1   Challenging Party: a Party or Non-Party that challenges the designation of

4   information or items under this Order.

5       2.2   Counsel (Without Qualifier):  Outside Counsel of Record and In-House Counsel,

6   as well as their support staff.

7       2.3   Designating Party: a Party or Non-Party that designates information or items that

8   it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

9   CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE

10  CODE."

11      2.4   Disclosure or Discovery Material:  all items or information, regardless of the

12  medium or manner in which it is generated, stored, or maintained (including, among other things,

13  testimony, transcripts, and tangible things), that are produced or generated in disclosures or

14  responses to discovery in this matter.

15      2.5   Expert:  a person with specialized knowledge or experience in a matter pertinent to

16  the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or

17  as a consultant in this action, (2) is not a past or current employee of a Party and not a current

18  employee of a Party's competitor, and (3) at the time of retention, is not anticipated to become an

19  employee of a Party or of a Party's competitor.

20      2.6   In-House Counsel: attorneys who are employees of a Party to this action.  In-House

21  Counsel does not include Outside Counsel of Record or any other outside counsel.

22      2.7   Non-Party: any natural person, partnership, corporation, association, or other legal

23  entity not named as a Party to this action.

24      2.8   Outside Counsel of Record:  attorneys who are not employees of a party to this

25  action but are retained to represent or advise a party to this action and have appeared in this action

26  on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party

STIPULATED PROTECTIVE ORDER
(No. 19-cv-00640-JLR) – 2

1   and their support staff.

2       2.9    Party: any party to this action, including all of its officers, directors, employees,

3   consultants, retained experts, and Outside Counsel of Record.

4       2.10   Producing Party: a Party or Non-Party that produces Disclosure or Discovery

5   Material in this action.

6       2.11   Professional Vendors: persons or entities other than Experts that provide litigation

7   support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or

8   demonstrations, and organizing, storing, or retrieving data in any form or medium) and their

9   employees and subcontractors.

10      2.12   Protected Material:  any Disclosure or Discovery Material that is designated as

11  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or as

12  "HIGHLY CONFIDENTIAL—SOURCE CODE."

13      2.13   Receiving Party: a Party that receives Disclosure or Discovery Material from a

14  Producing Party that is designated as Protected Material.

15  **3.    PROTECTED MATERIAL**

16      Confidential  materials  may  be  designated  "CONFIDENTIAL"  or  "HIGHLY

17  CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—SOURCE

18  CODE."

19      3.1    "CONFIDENTIAL" MATERIALS may include documents and tangible things

20  that the Designating Party believes in good faith includes information not generally known to

21  others and that it (i) would not normally reveal to third parties except in confidence or has

22  undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a

23  right to privacy under federal or state law or any other applicable privilege or right related to

24  confidentiality or privacy.

25      Copies, abstracts, compilations, summaries, and extracts of materials designated as

26  "CONFIDENTIAL" will also be treated as "CONFIDENTIAL" materials.

1    3.2    "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" MATERIALS are

2 limited to materials that qualify as "CONFIDENTIAL" and whose disclosure would create a

3 substantial risk of serious harm that could not be avoided by less restrictive means.

4 "CONFIDENTIAL" materials may be designated as "HIGHLY CONFIDENTIAL—

5 ATTORNEYS' EYES ONLY" if the Designating Party believes in good faith that the materials

6 include proprietary financial, technical, competitive, or commercially sensitive information that

7 the Designating Party maintains as highly confidential in its business, including but not limited to

8 trade secrets, confidential research and development, strategic plans, strategic business decisions,

9 non-public financial data, licensing documents or licensing communications, and settlement

10 agreements or settlement communications, the disclosure of which is likely to cause harm to the

11 competitive position of the Designating Party. This designation also includes Material obtained

12 from a Non-Party pursuant to a Nondisclosure Agreement ("NDA"), unless the Non-Party permits

13 a different designation in writing.

14    Copies, abstracts, compilations, summaries, and extracts of materials designated as

15 "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" will also be treated as "HIGHLY

16 CONFIDENTIAL—ATTORNEYS' EYES ONLY" materials.

17    3.3    "HIGHLY CONFIDENTIAL—SOURCE CODE" MATERIALS are limited to

18 "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" materials representing computer

19 code and associated comments and revision histories, formulas, engineering specifications, or

20 schematics that define or otherwise describe in detail the algorithms or structure of software or

21 hardware designs, disclosure of which to another Party or Non-Party would create a substantial

22 risk of serious harm that could not be avoided by less restrictive means.

23    Copies, abstracts, compilations, summaries, and extracts of materials designated as

24 "HIGHLY CONFIDENTIAL—SOURCE CODE" will also be treated as "HIGHLY

25 CONFIDENTIAL—SOURCE CODE" materials.

26

STIPULATED PROTECTIVE ORDER
(No. 19-cv-00640-JLR) – 4

1   **4.   SCOPE**

2      The protections conferred by this agreement cover not only Protected Material but also

3   (1) any information copied or extracted from Protected Material; (2) all copies, excerpts,

4   summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

5   presentations by parties or their counsel that might reveal Protected Material.

6      The protections conferred by this agreement do not cover information that is in the public

7   domain or becomes part of the public domain through proper means.

8   **5.   ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

9      5.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or

10   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

11   defending, or attempting to settle this litigation.  Confidential material may be disclosed only to

12   the categories of persons and under the conditions described in this agreement. Confidential

13   material must be stored and maintained by a Receiving Party at a location and in a secure manner

14   that ensures that access is limited to the persons authorized under this agreement.

15      5.2   Disclosure of "CONFIDENTIAL" Materials. Unless otherwise ordered by the court

16   or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure

17   or Discovery Material designated "CONFIDENTIAL" only to:

18      (a)   the Receiving Party's Outside Counsel of Record in this action, as well as

19   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

20   information for this litigation;

21      (b)   the officers, directors, and employees (including In-House Counsel) of the

22   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

23   the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

24      (c)   Experts and Consultants of the Receiving Party to whom disclosure is

25   reasonably necessary for this litigation and who have signed the "Acknowledgment and

26   Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER
(No. 19-cv-00640-JLR) – 5

1          (d)    the court and its personnel;

2          (e)    court reporters and their staff; professional jury or trial consultants; and

3 Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

4 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5          (f)    during their depositions, witnesses in the action to whom disclosure is

6 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

7 (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of

8 transcribed deposition testimony or exhibits to depositions that reveal material designated

9 "CONFIDENTIAL" must be separately bound by the court reporter and may not be disclosed to

10 anyone except as permitted under this Stipulated Protective Order;

11         (g)    the author or recipient of a document containing the information or a

12 custodian or other person who otherwise possessed or knew the information.

13    5.3    Disclosure    of    Materials    Designated    "HIGHLY    CONFIDENTIAL—

14 ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE." Unless

15 otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party

16 may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL—

17 ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE" only to:

18         (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

19 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

20 information for this litigation;

21         (b)    Experts and Consultants of the Receiving Party to whom disclosure is

22 reasonably necessary for this litigation and who have signed the "Acknowledgment and

23 Agreement to Be Bound" (Exhibit A);

24         (c)    the court and its personnel;

25         (d)    court reporters and their staff; professional jury or trial consultants; and

26 Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

1  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2        (e)    the author or recipient of a document containing the information or a
3  custodian or other person who otherwise possessed or knew the information; and

4        (f)   . employees of the Producing Party to whom disclosure is reasonably
5  necessary for this litigation and who have signed the "Agreement to Be Bound by Protective
6  Order" attached as Exhibit A;

7      5.4    <u>Procedures for Approving or Objecting to Disclosure of Materials Designated</u>
8  <u>"HIGHLY   CONFIDENTIAL—ATTORNEYS'   EYES   ONLY"   or   "HIGHLY</u>
9  <u>CONFIDENTIAL—SOURCE CODE."</u>

10       (a)    Unless otherwise ordered by the court or agreed to in writing by the
11 Designating Party, a Party that seeks to disclose to an Expert any material that has been designated
12 "HIGHLY   CONFIDENTIAL—ATTORNEYS'   EYES   ONLY"   or   "HIGHLY
13 CONFIDENTIAL—SOURCE CODE" pursuant to paragraph 5.3(b) first must make a written
14 expert disclosure to the Designating Party that (1) identifies the general categories of "HIGHLY
15 CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE
16 CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets
17 forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches
18 a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies
19 each person or entity from whom the Expert has received compensation or funding for work in his
20 or her areas of expertise or to whom the Expert has provided professional services, including in
21 connection with a litigation, at any time during the preceding four years, and (6) identifies (by
22 name and number of the case, filing date, and location of court) any litigation in connection with
23 which the Expert has offered expert testimony, including through a declaration, report, or
24 testimony at a deposition or trial, during the preceding four years.

25       (b)    A Party that makes a written expert disclosure and provides the information
26 specified in the preceding respective paragraphs may disclose the subject Protected Material to the

1   identified Expert unless, within seven days of delivering the request, the Party receives a written

2   objection from the Designating Party. Any such objection must set forth in detail the grounds on

3   which it is based.

4           (c)     A Party that receives a timely written objection must meet and confer with

5   the Designating Party to try to resolve the matter by agreement within three days of the written

6   objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may

7   file a motion as provided in Local Civil Rule 7 seeking permission from the court to do so, or may

8   utilize Judge Robart's Discovery Dispute Procedure.  Any such motion must describe the

9   circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is

10   reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any

11   additional means that could be used to reduce that risk.  In addition, any such motion must be

12   accompanied by a competent declaration describing the parties' efforts to resolve the matter by

13   agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth the

14   reasons advanced by the Designating Party for its refusal to approve the disclosure.

15        In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden

16   of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

17   outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

18        5.5    <u>Filing Protected Material</u>. Before filing Protected Material or discussing or

19   referencing such material in court filings, the filing Party shall confer with the Designating Party,

20   in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the Designating Party will

21   remove the confidential designation, whether the document can be redacted, or whether a motion

22   to seal or stipulation and proposed order is warranted.  The filing Party shall provide to the

23   Designating Party no fewer than three days' notice of its intent to file Protected Material or discuss

24   or reference such material in court filings.  Such notice must identify each specific document the

25   filing Party intends to file. During the meet and confer process, the Designating Party must identify

26   the basis for sealing the specific Protected Material at issue, and the filing Party shall include this

STIPULATED PROTECTIVE ORDER
(No. 19-cv-00640-JLR) – 8

1  basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil

2  Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied

3  when a Party seeks permission from the court to file material under seal. A Party who seeks to

4  maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule

5  5(g)(3)(B), even if it is not the Party filing the motion to seal. Failure to satisfy this requirement

6  will result in the motion to seal being denied, in accordance with the strong presumption of public

7  access to the Court's files.

8  **6.   DESIGNATING PROTECTED MATERIAL**

9      6.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party

10  or Non-Party that designates information or items for protection under this agreement must take

11  care to limit any such designation to specific material that qualifies under the appropriate

12  standards. The Designating Party must designate for protection only those parts of material,

13  documents, items, or oral or written communications that qualify, so that other portions of the

14  material, documents, items, or communications for which protection is not warranted are not swept

15  unjustifiably within the ambit of this agreement.

16      Mass, indiscriminate, or routinized designations are prohibited. Designations that are

17  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to

18  unnecessarily encumber or delay the case development process or to impose unnecessary expenses

19  and burdens on other parties) expose the Designating Party to sanctions.

20      If it comes to a Designating Party's attention that information or items that it designated

21  for protection do not qualify for protection, the Designating Party must promptly notify all other

22  parties that it is withdrawing the mistaken designation.

23      6.2    Manner and Timing of Designations. Except as otherwise provided in this

24  agreement (see, *e.g.*, paragraph 6.2(a)), or as otherwise stipulated or ordered, Disclosure or

25  Discovery Material that qualifies for protection under this agreement must be clearly so designated

26  before or when the material is disclosed or produced.

(a)     Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE" to each page that contains such material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or, for source code related materials, "HIGHLY CONFIDENTIAL—SOURCE CODE."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Non-Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Non-Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Non-Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)     Testimony given in deposition or in other pretrial proceedings: the parties and any participating Non-Parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or Non-Party may, within 30 days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the

1    transcript, or exhibits thereto, as confidential. Alternatively, a Designating Party may specify, at
2    the deposition or up to 30 days afterwards if that period is properly invoked, that the entire
3    transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—
4    ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE."

5        Parties shall give the other parties notice if they reasonably expect a deposition, hearing or
6    other proceeding involving testimony to disclose Protected Material material so that the other
7    parties can ensure that only authorized individuals who have signed the "Acknowledgement and
8    Agreement to Be Bound" (Exhibit A) are present at those proceedings while the Protected Material
9    is being discussed. The use of a document as an exhibit at a deposition shall not in any way affect
10   its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES
11   ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE"

12       Transcripts containing Protected Material shall have an obvious legend on the title page
13   that the transcript contains Protected Material and the title page shall be followed by a list of all
14   pages (including line numbers as appropriate) that have been designated as Protected Material and
15   the level of protection being asserted by the Designating Party. The Designating Party shall inform
16   the court reporter of these requirements. Any transcript that is prepared before the expiration of a
17   30-day period for designation shall be treated during that period as if it had been designated
18   "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" in its entirety, and source code
19   material or testimony as "HIGHLY CONFIDENTIAL—SOURCE CODE," unless otherwise
20   agreed. After the expiration of that period, the transcript shall be treated only as actually
21   designated.

22       If a Party or Non-Party desires to protect Protected Material at trial, the issue should be
23   addressed during the pre-trial conference.

24           (c)   Other tangible items: The Producing Party must affix in a prominent place
25   on the exterior of the container or containers in which the information or item is stored the word
26   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" or

STIPULATED PROTECTIVE ORDER
(No. 19-cv-00640-JLR) – 11

1   "HIGHLY CONFIDENTIAL—SOURCE CODE." If only a portion or portions of the information

2   or item warrant protection, the Producing Party, to the extent practicable, shall identify the

3   protected portion(s) and specify the level of protection being asserted.

4        6.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

5   designate qualified information or items does not, standing alone, waive the Designating Party's

6   right to secure protection under this agreement for such material. Upon timely correction of a

7   designation, the Receiving Party must make reasonable efforts to ensure that the material is treated

8   in accordance with the provisions of this Stipulated Protective Order.

9   **7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

10       7.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of

11  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

12  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

13  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

14  challenge a confidentiality designation by electing not to mount a challenge promptly after the

15  original designation is disclosed.

16       7.2    Meet and Confer. The parties must make every attempt to resolve any dispute

17  regarding confidential designations without court involvement.    Any motion regarding

18  confidential designations or for a protective order must include a certification, in the motion or in

19  a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference

20  with other affected parties in an effort to resolve the dispute without court action. The certification

21  must list the date, manner, and participants to the conference. A good faith effort to confer requires

22  a face-to-face meeting or a telephone conference.

23       7.3    Judicial Intervention. If the parties cannot resolve a challenge without court

24  intervention, the Designating Party may file and serve a motion to retain confidentiality under

25  Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable) or Local Civil

26  Rule 37(a)(2), or may utilize Judge Robart's Discovery Dispute Procedure. The burden of

STIPULATED PROTECTIVE ORDER
(No. 19-cv-00640-JLR) – 12

1   persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those

2   made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

3   other parties) may expose the Challenging Party to sanctions. All parties shall continue to maintain

4   the material in question as confidential until the court rules on the challenge.

5   **8.      TREATMENT OF CONFIDENTIAL SOURCE CODE**

6          8.1      To the extent production of source code becomes necessary in this case, a

7   Producing Party may designate such materials as "HIGHLY CONFIDENTIAL—SOURCE

8   CODE" in accordance with paragraph 3.3 above.

9          8.2      Protected Material designated as "HIGHLY CONFIDENTIAL—SOURCE

10  CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL—

11  ATTORNEYS' EYES ONLY" information, including the Prosecution Bar set forth in paragraph

12  9, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL—

13  ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in paragraphs 5.3 and

14  5.4.

15         8.3      Any source code produced in discovery shall be made available for inspection, in a

16  format allowing it to be reasonably reviewed and searched, during normal business hours or at

17  other mutually agreeable times. Unless the parties agree to other locations, PTP will produce its

18  source code at outside counsel's office in Chicago, Illinois, and Avalara will produce its source

19  code at outside counsel's office in Seattle, Washington. The source code shall be made available

20  for inspection on one or more secured computers ("Source Code Computers") in a secured room

21  without Internet access or network access to other computers, and the Receiving Party shall not

22  copy, remove, edit, or otherwise transfer any portion of the source code onto any recordable media

23  or recordable device. No smart phones or other recording devices or cameras may be brought into

24  the room containing the Source Code Computers. The Producing Party may visually monitor the

25  activities of the Receiving Party's representatives during any source code review, but only to

26  ensure that there is no unauthorized recording, editing, copying, or transmission of the source code.

STIPULATED PROTECTIVE ORDER
(No. 19-cv-00640-JLR) – 13

1   Absent agreement to the contrary, the Receiving Party must give at least five business days' notice

2   of its intent to inspect source code so the Producing Party can ensure that adequate staffing is

3   available to facilitate and monitor the Source Code review.

4       8.4    The Receiving Party may use appropriate tool software on the Source Code

5   Computers, which if provided in licensed form by the Receiving Party shall be installed by the

6   Producing Party.   The Receiving Party shall pay all costs associated with the purchase and

7   installation of such software tools, and must provide the Producing Party with copies of such

8   software tool(s) at least five business days in advance of the date upon which the Receiving Party

9   wishes to have the additional software tools available for use on the Standalone Computer.   If the

10   agreed upon tool software requires a license, the Receiving Party shall provide the Producing Party

11   with a CD or DVD (or URL, as applicable) containing licensed copies of all software tool(s) to be

12   loaded on the Source Code Computers.   Such request should be made at least five business days

13   in advance of the date upon which the Receiving Party wishes to have the software tools available

14   for use on the Source Code Computers.   To the extent the Reviewing Party makes any notes on

15   the contents of the source code, such notes shall also be designated as "HIGHLY

16   CONFIDENTIAL—SOURCE CODE" and in no event may any notes made during or after the

17   review copy any portion of the source code verbatim.

18       8.5    The Receiving Party may request one paper copy of limited portions of source code

19   that are necessary for the preparation of court filings, pleadings, expert reports, or other papers, or

20   for deposition or trial, but shall not request a paper copy as a substitute for reviewing code on the

21   designated computer.   Unless it objects, the Producing Party shall provide all such source code

22   within five days in paper form including bates numbers and the label "HIGHLY

23   CONFIDENTIAL—SOURCE CODE."   Absent agreement of the parties, a Receiving Party may

24   not request more than 50 consecutive pages of code, and no more than 500 total pages of code for

25   printing.   Any challenges to or modifications of the limitations on the amount of source code to be

26   printed may be made pursuant to the dispute resolution procedure and timeframes set forth herein.

1  In the event the producing party objects to printing the code, it will make one or more counsel
2  available for a conference within 48 hours of the objection. If, after conferring, the Parties are
3  unable to resolve the dispute, the Receiving Party may seek relief from the Court.

4    8.6    The Receiving Party must maintain a log identifying each person who reviews the
5  printouts, the date of the review, and the production number of the pages reviewed. The Receiving
6  Party must provide the Producing Party with a copy of the log on five business days' notice, but
7  no more than once per month absent a showing of good cause.

8    8.7    Access to source code material shall be limited to up to three outside Experts or
9  Consultants of the Receiving Party (*i.e.*, not existing employees of a Party or an affiliate of a Party)
10 retained for the purpose of this Action and approved to access such Protected Materials pursuant
11 to the above. The Receiving Party shall maintain all paper copies of any printed portions of the
12 source code, as well as any notes created during the review of the source code, in a secured, locked
13 area. The Receiving Party shall not create any electronic or other images of the paper copies and
14 shall not convert any of the information contained in the paper copies into any electronic format.
15 The Receiving Party may make only one additional paper copy of the printed code, and only if
16 such additional copy is (1) necessary to prepare court filings, pleadings, or other papers (including
17 a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the
18 preparation of its case. Any paper copies used during a deposition shall be retrieved by the
19 Producing Party at the end of each day and must not be given to or left with a court reporter or any
20 other individual.

21 **9.    PROSECUTION BAR**

22    Absent written consent from the Producing Party, any individual who receives access to
23 "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" information of a technical nature
24 or "HIGHLY CONFIDENTIAL—SOURCE CODE" information shall not be involved in the
25 prosecution of patents or patent applications directed to tax automation software, including without
26 limitation the patents asserted in this action and any patent or application claiming priority to or

STIPULATED PROTECTIVE ORDER
(No. 19-cv-00640-JLR) – 15

1   otherwise related to the patents asserted in this action, before any foreign or domestic agency,

2   including the United States Patent and Trademark Office ("the Patent Office"). For purposes of

3   this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or

4   otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution"

5   as used in this paragraph includes representing a Party in any Patent Office proceeding during

6   which the Party can seek to amend existing patent claims or propose new patent claims regarding

7   tax software, but it does not include representing a Party challenging a patent before a domestic or

8   foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter

9   partes review or reexamination). This Prosecution Bar shall begin when access to "HIGHLY

10   CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE

11   CODE" information is first received by the affected individual and shall end two years after the

12   receiving individual's involvement with the action ends or two years after final termination of this

13   action, whichever comes first. This Prosecution Bar shall apply to Outside Counsel of Record.

14   This Prosecution Bar shall not apply to attorneys working at the same firm as Outside Counsel of

15   Record, provided such attorneys have not reviewed materials designated "HIGHLY

16   CONFIDENTIAL—ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE

17   CODE".

18   **10.**    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

19         **OTHER LITIGATION**

20       If a Party is served with a subpoena or a court order issued in other litigation that compels

21   disclosure of any information or items designated in this action as "CONFIDENTIAL" or

22   "HIGHLY    CONFIDENTIAL—ATTORNEYS'    EYES    ONLY"   or    "HIGHLY

23   CONFIDENTIAL—SOURCE CODE" that Party must:

24       (a)    promptly notify the Designating Party in writing and include a copy of the subpoena

25   or court order;

26       (b)    promptly notify in writing the party who caused the subpoena or order to issue in

1    the other litigation that some or all of the material covered by the subpoena or order is subject to

2    this agreement. Such notification shall include a copy of this agreement; and

3           (c)     cooperate with respect to all reasonable procedures sought to be pursued by the

4    Designating Party whose Protected Material may be affected.

5           If the Designating Party timely seeks a protective order from the Court from which the

6    subpoena or order issued, the Party served with the subpoena or court order shall not produce any

7    information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

8    ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE" before a

9    determination by the court from which the subpoena or order issued, unless the Party has obtained

10   the Designating Party's permission. The Designating Party shall bear the burden and expense of

11   seeking protection in that court of its Protected Material – and nothing in these provisions should

12   be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful

13   directive from another court.

14   **11.**    **NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

15           **THIS LITIGATION**

16          11.1    The terms of this Order are applicable to information produced by a Non-Party in

17   this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

18   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL—SOURCE CODE." Such

19   information produced by Non-Parties in connection with this litigation is protected by the remedies

20   and relief provided by this Stipulated Protective Order. Nothing in these provisions should be

21   construed as prohibiting a Non-Party from seeking additional protections.

22          11.2    In the event that a Party is required, by a valid discovery request, to produce a Non-

23   Party's confidential information in its possession, and the Party is subject to an agreement with the

24   Non-Party not to produce the Non-Party's confidential information, then the Party shall:

25          (a)     promptly notify in writing the Requesting Party and the Non-Party that

26   some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

STIPULATED PROTECTIVE ORDER
(No. 19-cv-00640-JLR) – 17

(b)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)     make the information requested available for inspection by the Non-Party.

11.3    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.    The Non-Party's confidential information shall be designated as "CONFIDENTIAL" unless the Non-Party requires a different designation.  The designation of Disclosure and Discovery Material by the Non-Party can be challenged in accordance with the provisions of paragraph 7 herein.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this agreement, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
**        PROTECTED MATERIAL**

When a Producing Party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the

STIPULATED PROTECTIVE ORDER
(No. 19-cv-00640-JLR) – 18

144859413.3

1   receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision

2   is not intended to modify whatever procedure may be established in an e-discovery order or

3   agreement that provides for production without prior privilege review. The parties agree to the

4   entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

5   **14.   MISCELLANEOUS**

6       14.1   Right to Further Relief. Nothing in this Order abridges the right of any person to

7   seek its modification by the court in the future.

8       14.2   Right to Assert Other Objections. By stipulating to the entry of this Stipulated

9   Protective Order no Party waives any right it otherwise would have to object to disclosing or

10  producing any information or item on any ground not addressed in this Stipulated Protective Order.

11  Similarly, no Party waives any right to object on any ground to use in evidence of any of the

12  material covered by this Stipulated Protective Order.

13      14.3   Export Control. Disclosure of Protected Material shall be subject to all applicable

14  laws and regulations relating to the export of technical data contained in such Protected Material,

15  including the release of such technical data to foreign persons or nationals in the United States or

16  elsewhere. The Producing Party shall be responsible for identifying any such controlled technical

17  data, and the Receiving Party shall take measures necessary to ensure compliance.

18  **15.   NON TERMINATION AND RETURN OF DOCUMENTS**

19      Within 60 days after the termination of this action, including all appeals, each Receiving

20  Party must return all Protected Material to the Producing Party, including all copies, extracts and

21  summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

22      In the case of Protected Material other than that designated as "HIGHLY

23  CONFIDENTIAL—SOURCE CODE," the Receiving Party's reasonable efforts shall not require

24  the return or destruction of Protected Material that (i) is stored on backup storage media made in

25  accordance with regular data backup procedures for disaster recovery purposes, (ii) is located in

26  the email archive system or archived electronic files of departed employees, or (iii) is subject to

1   legal hold obligations.  Backup storage media will not be restored for purposes of returning or

2   certifying destruction of Protected Material, but such retained information shall continue to be

3   treated in accordance with this Stipulated Protective Order.

4   Whether the Protected Material is returned or destroyed, the Receiving Party must submit

5   a written certification to the Producing Party (and, if not the same person or entity, to the

6   Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

7   the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

8   used reasonable efforts to return or destroy copies, abstracts, compilations, summaries or any other

9   format reproducing or capturing any of the Protected Material.  Notwithstanding this provision,

10  Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition,

11  and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

12  reports, attorney work product, and consultant and expert work product, even if such materials

13  contain Protected Material.  Any such archival copies that contain or constitute Protected Material

14  remain subject to this Stipulated Protective Order as set forth below.

15  Even after final disposition of this litigation, the confidentiality obligations imposed by this

16  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

17  otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims

18  and defenses in this action, with or without prejudice; and (2) final judgment herein after the

19  completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

20  including the time limits for filing any motions or applications for extension of time pursuant to

21  applicable law.

22

23

24

25

26

144859413.3

1   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

3   DATED: July 1, 2019

4   By: *s/ Timothy J. Heverin*                    By: *s/ Charles C. Sipos*
    Shane P. Cramer, WSBA No. 35099               Charles C. Sipos, WSBA No. 32825
5   Tyler L. Farmer, WSBA No. 39912               Ryan J. McBrayer, WSBA No. 28338

6   **Harrigan Leyh Farmer & Thomsen LLP**        **Perkins Coie LLP**
    999 Third Avenue, Suite 4400                  1201 Third Avenue, Suite 4900
7   Seattle, WA 98104                             Seattle, WA 98101
    Tel: (206) 623-1700                           Telephone: 206.359.8000
8   Fax: (206) 623-8717                           Facsimile: 206.359.9000
                                                  Email: CSipos@perkinscoie.com
9   Email: tylerf@harriganleyh.com                       RMcBrayer@perkinscoie.com
           shanec@harriganleyh.com

10
    William E. Devitt (*pro hac vice*)            *Attorneys for Defendant Avalara, Inc.*
11  Timothy J. Heverin (*pro hac vice*)
    Collin Kurtenbach (*pro hac vice*)
12  **Jones Day**
    77 W. Wacker
13  Chicago, IL 60601
    Tel: 312-269-4086
14  Email: wdevitt@jonesday.com
           tjheverin@jonesday.com
15         ckurtenbach@jonesday.com

16  *Attorneys for Plaintiff PTP OneClick LLC*

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
(No. 19-cv-00640-JLR) – 21

144859413.3

1   PURSUANT TO STIPULATION, IT IS SO ORDERED

2        IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

3   documents in this proceeding shall not, for the purposes of this proceeding or any other federal or

4   state proceeding, constitute a waiver by the Producing Party of any privilege applicable to those

5   documents, including the attorney-client privilege, attorney work-product protection, or any other

6   privilege or protection recognized by law.

7

8   DATED: July 1, 2019

9

10                                          Honorable James L. Robart
                                            United States District Court Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
(No. 19-cv-00640-JLR) – 22

144859413.3

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of _____ **[insert formal name of the case and the number and initials

assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
(No. 19-cv-00640-JLR) – 23

144859413.3