UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PTP ONECLICK, LLC,<br><br>                    Plaintiff,<br>v.<br><br>AVALARA, INC.,<br><br>                    Defendant. | CASE NO. C19-0640JLR<br><br>ORDER ON MOTIONS TO SEAL AND MOTION FOR AN EXTENSION FOR TIME |

## I. INTRODUCTION

Before the court are three motions: (1) Defendant Avalara, Inc.'s ("Avalara") motion to seal Exhibits A and B, which were attached to its September 30, 2019, letter brief (*see* MTS (Dkt. # 55); *see also* Def. Ltr. Br. (Dkt. # 57); Ex. A (Dkt. # 58) (sealed); Ex. B (Dkt. # 59) (sealed)); (2) Plaintiff PTP OneClick, LLC's ("PTP") motion to redact portions of the October 1, 2019, hearing transcript (*see* MTR (Dkt. # 80); *see also* 10/1/19 Min. Entry (Dkt. # 62); Hr. Tr. (Dkt. # 63) (sealed)); and (3) Avalara's motion for an extension of time to file a motion for attorney's fees pursuant to 35 U.S.C. § 285

(*see* MET (Dkt. # 68)). The court has considered the motions, the parties' submissions filed in support of and in opposition to the motions, the relevant portions of the record, and the applicable law. Being fully advised, the court (1) GRANTS in part and DENIES in part Avalara's motion to seal Exhibits A and B ("the Exhibits") to its September 30, 2019, letter brief and ORDERS PTP to file redacted versions of the Exhibits on the docket, (2) GRANTS PTP's motion to redact portions of the October 1, 2019, hearing transcript, and (3) DENIES as MOOT and WITHOUT PREJUDICE Avalara's motion for an extension of time to file its motion for attorney's fees pursuant to 35 U.S.C. § 285 because the 14-day period for filing such a motion under Rule 54(d)(2)(B)(i) is not yet triggered in this case.

## II. BACKGROUND

Avalara is in the business of selling tax preparation software. (*See* Compl. (Dkt. # 1) ¶ 14.) On October 22, 2018, PTP filed a complaint in the federal district court in the Eastern District of Wisconsin alleging five counts against Avalara: (1) patent infringement, (2) misappropriation under federal trade secret laws, (3) misappropriation under state uniform trade secret laws, (4) unfair competition under Wisconsin statutory law, and (5) breach of contract. (*Id.* ¶¶ 55-81.) On April 30, 2018, the court transferred PTP's complaint to the Western District of Washington. (*See* 4/30/18 Order (Dkt. # 25).)

On November 7, 2018, Avalara filed a motion to dismiss PTP's claims. (MTD (Dkt. # 8).) On September 27, 2019, the court granted Avalara's motion on PTP's patent infringement claim and dismissed the claim with prejudice. (9/27/19 Order (Dkt. # 54) at 22, 32-33.) The court ruled that the patent claims at issue "fail[ed] the two-part *Alice*

test, [we]re directed to an abstract concept, and therefore [we]re not patentable." (*Id.* at 22); *see also Alice Corp. Party Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 216-18 (2014). The court also granted Avalara's motion on PTP's claim for unfair competition under Wis. Stat. § 100.20 and dismissed the claim with prejudice. (*Id.* at 32-33.) The court denied Avalara's motion to dismiss with respect to the remainder of PTP's claim. (*Id.*)

Under 35 U.S.C. § 285, the court "in exceptional cases may award reasonable attorney fees to the prevailing party" in a patent infringement suit. *See* 35 U.S.C. § 285. A prevailing party, however, must file such a motion within 14 days after entry of judgment. *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1384-85 (Fed. Cir. 2005) (citing Fed. R. Civ. P. 54(d)(2)(B)). Avalara argues that the default deadline for a fee motion under 35 U.S.C. § 285 fell on October 11, 2019, which is 14 days after the court's entry of summary judgement on PTP's claim for patent infringement. (*See* MET at 1.) October 10, 2019, Avalara filed a Federal Rule of Civil Procedure 6(b)(1)(A) motion seeking to extend that default deadline to the conclusion of the case. (*See generally id.*) PTP opposes an extension of the deadline. (MET Resp. (Dkt. # 72).)

On September 30, 2019, the parties filed letter briefs concerning a discovery dispute. (PTP Ltr. Br. (Dkt. # 56); Def. Ltr. Br.) In addition to its letter brief, Avalara filed two exhibits under seal—both of which PTP had previously marked as confidential. (*See* Ex. A; Ex. B.) On the same day, Avalara filed a motion seeking permission to file Exhibits A and B under seal. (*See* MTS.) Because PTP had previously designated the Exhibits as confidential, the protective order in this case required Avalara to file the

Exhibits under seal.  (*See* MTS at 1 (citing Protective Order (Dkt. # 49).)  However, Avalara stated that it did "not take the position that the [c]ourt should seal them." (*Id.*)

On October 15, 2019, PTP filed a response to Avalara's motion asking the court to grant Avalara's motion to seal Exhibits A and B but offering redacted versions of the Exhibits to file on the court's docket if the court granted Avalara's motion.  (*See generally* MTS Resp. (Dkt. # 70); *see also* Kurtenback Decl. (Dkt. # 71) ¶¶ 2-3, Exs. 1, 2 (attaching redacted copies of Exhibits A and B).)  PTP asserts that portions of the Exhibits contain its confidential trade secrets.  (MTS Resp. at 1.)  Avalara filed a reply opposing the sealing of the Exhibits.  (*See generally* MTS Reply (Dkt. # 74).)  Finally, PTP also filed a surreply in support of the motion to seal.  (MTS Surreply (Dkt. # 77).)

On October 1, 2019, the court held a telephone conference with counsel to resolve the parties' discovery dispute.  (*See* 10/1/19 Min. Entry.)  On October 3, 2019, the court reporter filed a transcript of the telephone conference under seal.  (*See* Hr. Tr.)  On October 13, 2019, PTP filed a motion to redact certain portions of the transcript prior to unsealing.  (*See generally* MTR.)  PTP asserts that portions of the transcript, if unsealed, would reveal its trade secrets.  (*Id.* at 4-5.)  Avalara opposes the motion.  (MTR Resp. (Dkt. # 84).)

The court now considers the parties' motions.

### III.  ANALYSIS

**A.      Motions to Seal and Redact Certain Documents**

Although Avalara filed the motion to seal Exhibits A and B pursuant to the parties' stipulated protective order, it is PTP that seeks to maintain the Exhibits under

seal and that offers redacted versions of the Exhibits for filing on the court's docket. (*See* MTS; MTS Resp.; Kurtenbach Decl. ¶¶ 2-3, Exs. 1, 2).) In addition, PTP seeks to redact three lines from page 15 of the October 1, 2019, hearing transcript. (MTR at 4 ("PTP asks the Court to redact: Page 15, Lines 14-16, from after "sales category is" through before "I read.").) PTP asserts that the redacted portions of Exhibits A and B and the proposed redaction of the hearing transcript contain its confidential trade secrets. (*See generally* MTS Resp.; MTR.)

When deciding a motion to seal, courts "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)). The standard for determining whether to seal a record depends on the document to which the sealed record is attached. *See id.* at 1136-37. Previously, courts in the Ninth Circuit applied the "compelling reasons" standard to sealed records attached to a dispositive motion, and the "good cause" exception for sealed records attached to a nondispositive motion. *See Hagestad*, 49 F.3d at 1434; *Foltz*, 331 F.3d at 1135 (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)); *see also Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098-1101 (9th Cir. 2016). The distinction is important, in part, because the presumption of public access is rebutted for sealed discovery documents attached to non-dispositive motions. *Foltz*, 331 F.3d at 1135; *see also Pintos v. Pac. Creditors*

*Ass'n*, 605 F.3d 665, 678-79 (9th Cir. 2010). However, in *Chrysler*, the Ninth Circuit clarified that the applicable standard "does not merely depend on whether the motion is technically 'dispositive.'" 809 F.3d at 1101. Rather, courts should apply the compelling reasons standard when the sealed documents are attached to a motion that is "more than tangentially related to the merits of a case." *Id.* at 1101-02.

Here, the motion underlying the portions of Exhibits A and B that PTP seeks to maintain under seal was a discovery motion and, therefore, not directed to the merits of the case. (Plf. Ltr. Br.; Def. Ltr. Br.; *see* MTS Resp. at 3.) Accordingly, the court would ordinarily apply the "good cause" standard when evaluating whether portions of these Exhibits should remain under seal. Here, however, the issue of whether the underlying documents constitute PTP's trade secrets touches upon the merits of the case because PTP has asserted trade secret claims against Avalara. (*See* Compl. ¶¶ 61-71.) The court need not decide, however, whether it should apply the lesser "good cause" or the higher "compelling reasons" standard to the sealing of Exhibits A and B because, as discussed below, even under the higher "compelling reasons" standard the court concludes that it should grant the motion to seal and redact the Exhibits at this time.

As discussed above, case authority suggests that the lower "good cause" exception applies only to documents attached to a non-dispositive motion. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (noting that the "good cause" exception applies to a "sealed discovery document attached to a non-dispositive motion") (emphasis and alterations omitted). The other document PTP seeks to seal and redact is the hearing transcript. (*See* MTR at 4; *see also* Hr. Tr.) A hearing transcript of is relevant

to the public's understanding of the judicial process.  *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212–13 (9th Cir. 2002) ("In deciding whether sufficient countervailing interests exist, the courts will look to the public interest in understanding the judicial process. . . .").  Thus, the court concludes that PTP must demonstrate "compelling reasons" for its requested redactions of the October 1, 2019, hearing transcript.  *See, e.g.*, *Vesta Corp. v. Amdocs Mgmt. Ltd.*, 312 F. Supp. 3d 966, 971 & n.2 (D. Or. 2018) (applying the "compelling reasons" standard to the plaintiff's request to redact portions of a hearing transcript, which contained allegedly confidential and proprietary information, in part on grounds that the transcript was "relevant to the public's understanding of the judicial process").

Even applying the higher "compelling reasons" standard, the court concludes that the portions of Exhibits A and B and the portions of the hearing transcript that PTP seeks to redact and seal should remain sealed at this time.  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 589 (1978)).  Avalara argues that PTP has not shown that the substance of the information that PTP seeks to redact and maintain under seal from the Exhibits and the hearing transcript amount to trade secrets.  (*See generally* MTR Resp. (Dkt. # 84); MTS Reply (Dkt. # 74).)  Importantly, as the court has noted, PTP alleges claims against Avalara for misappropriation of trade secrets under both

federal and state law.  (Compl. ¶¶ 61-71.)  A motion to seal is not the proper context for the court to decide these trade secret issues.  Indeed, the court declines to decide this matter before both the parties and the court engage in a full analysis of the law and the merits related to PTP's claims.  *See United Tactical Sys., LLC v. Real Action Paintball, Inc.*, No. 14-CV-04050-MEJ, 2015 WL 295584, at *3 (N.D. Cal. Jan. 21, 2015) (concluding that "a motion to seal is not the proper vessel to explore" the plaintiff's trade secrets claim).

      Further, the "compelling reasons" standard does not require the court to find an infringement of trade secrets if the material at issue is disclosed.  Rather, it only requires that disclosure "might become a vehicle for improper purposes," including the "release of trade secrets."  *Kamakana*, 447 F.3d at 1179; *see also Pintos*, 605 F.3d at 679 n.6 (articulating the "compelling reasons" standard, in relevant part, as "whether disclosure of the material could result in improper use of the material for . . . infringement upon trade secrets").  Based on the evidence PTP submits (*see* 10/23/19 Pavlou Decl. (Dkt. # 78); 10/31/19 Pavlou Decl. (Dkt. # 82)), the court finds that the information PTP seeks to seal "might become a vehicle for improper purposes" if not sealed.  *See Kamakana*, 447 F.3d at 1179.  Despite Avalara's arguments to the contrary, PTP submits testimony that the redacted information at issue in the Exhibits and the hearing transcript contains PTP's trade secrets, which PTP maintains as confidential, the disclosure of which would "facilitate serious harm to PTP's business."  (10/23/19 Pavlou Decl. ¶¶ 7-12; 10/31/19 Pavlou Decl. ¶¶ 7-9.)  The court emphasizes that this finding is in no way a forecast of the court's future determinations as to the substance of PTP's trade secrets claims.

Further, after the court makes a final ruling on PTP's trade secret claims, any party may move for the unsealing of these records, if appropriate at that time, or the court may consider the issue *sua sponte* after receiving input from the parties.

Accordingly, based on the record before it, the court grants Avalara's motion to seal portions of Exhibits A and B and grants PTP's motion to redact a portion of the October 1, 2019, hearing transcript. The court further orders PTP, within seven (7) days of the filing date of this order, to file its redacted versions of Exhibits A and B (*see* Dkt. ## 71-1, 71-2) on the court's docket and to submit to the court reporter the portion of the hearing transcript to be redacted. (*See* MTR at 4 (describing the requested redaction).) The court also directs the Clerk to maintain the seal on Exhibits A and B (Dkt. ## 58, 59), and directs the court reporter who filed the hearing transcript (Dkt. # 63) to "perform the requested redactions, and file a redacted version of the transcript" in accordance with the court's Amended General Order 15-15, paragraph 6. *See* W.D. Wash., Am. Gen. Order 15-15 § 6 (Dec. 9, 2015).

**B.     Motion for an Extension of Time**

Federal Rule of Civil Procedure 54 provides that, unless otherwise stated by a statute or court order, a motion for attorney's fees must be filed "no later than 14 days after the entry of judgment." Fed .R. Civ. P. 54(d)(2)(B)(i). A motion under 35 U.S.C. § 285 to declare a patent infringement case exceptional and obtain attorney fees must comply with the timing requirements of Rule 54. *IPXL Holdings, LLC*, 430 F.3d at 1386. The 14-day filing period may be extended "subject to the strictures of [Federal] Rule [of Civil Procedure] 6(b)." *Id*. at 1385; *see also* Fed. R. Civ. P. 6(b)(1)(A) ("When an act

may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires.").

As discussed above, on September 27, 2019, the court granted in part and denied in part Avalara's motion to dismiss PTP's claims and dismissed with prejudice PTP's claims for patent infringement and unfair competition. (9/27/19 Order at 22, 32-33.) The court denied Avalara's motion with respect to the remainder of PTP's claims (*id.* at 32-33), and the parties continue to litigate those claims. Despite the fact that the court has not entered a judgment in this matter, both Avalara and PTP assume that the court's September 27, 2019, order dismissing PTP's patent infringement claim triggered the Rule 54(d)(2)(B)(i) 14-day period on any motion for attorney's fees under 35 U.S.C. § 285. (*See* MET at 2 ("Avalara's understanding is that the dismissal of the patent infringement claim potentially triggered a 14-day deadline for the filing of any § 285 motion seeking recovery of fees.");[1] *see generally* MET Resp. (failing to discuss the issue).) Thus,

---

[1] The court is not persuaded by the authorities Avalara cites. (*See* MET at 2-3.) In *IPXL Holdings*, *LLC*, the district court entered judgment in favor of Amazon on August 27, 2004. 430 F.3d at 1384. The issue before the court was Amazon's failure to file its 35 U.S.C. § 285 fees motion within 14 days of the date of that judgment. 430 F.3d at 1384-85. Likewise, in *Shum v. Intel Corp.*, 629 F.3d 1360, 1365 (Fed. Cir. 2010), both parties submitted bills of costs pursuant to Rule 54 "[f]ollowing the entry of judgment." The issue before the *Shum* court was not the timing of the motions, but rather whether it was possible to have more than one prevailing party in any given case under Rule 54. 629 F.3d at 1366-68. Finally, in *Altair Logix v. Caterpillar, Inc.*, No. 18-2057 (MN), 2019 WL 3219485, at *1 (D. Del. July 17, 2019), the district court had dismissed all the claims and counterclaims at issue in the case. The court, nevertheless, concluded that the defendant's motion to declare the case "exceptional" under 35 U.S.C. § 285 was premature because the defendant filed the motion before the court had dismissed the plaintiff's claims. 2019 WL 3219485, at *1-2. Indeed, the court agreed "with other courts that have found that a motion seeking relief under § 285 must be made ***after*** judgment or some other judicially sanctioned change in the legal relationship of the parties." 2019 WL 3219485, at *2.

Avalara seeks an extension of the 14-day period, which Avalara presumes started on September 27, 2019. (*See generally* MET.) As discussed below, because the court has not entered judgment on PTP's patent infringement claim, the 14-day period for a motion for fees under Rule 54(d)(2)(B)(i) is not yet triggered. Thus, Avalara's motion for an extension of that deadline is premature.

The court's September 27, 2019, order, dismissing two of PTP's claims, does not constitute a final judgment. *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."); *see* Fed. R. Civ. P. 58(a) ("Every judgment and amended judgment must be set out in a separate document . . . ."). Indeed, Rule 54(a) expressly defines a "judgment" as "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). Any appeal of the court's September 27, 2019, order at this point in the litigation would be dismissed as improperly interlocutory. *See Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984) ("Ordinarily the dismissal of a complaint without the dismissal of the underlying action is not an appealable final order under 28 U.S.C. § 1291."). Nevertheless, Rule 54(b) authorizes the court to enter a partial final judgment as to fewer than all the claims in a multi-count action "if the court expressly

---

Avalara's reliance on the last clause of the preceding sentence to support its "understanding" that an order dismissing a portion of a complaint triggers the Rule 54(d)(2)(B)(i) 14-day period for filing an attorney's fees motion is misplaced. (MET at 2.) The clause is *dicta* and, in any event, cannot be stretched so far as to include the court's September 27, 2019, dismissal order here.

determines that there is no just reason for delay." *See* Fed. R. Civ. P. 54(b).  Here, Avalara has never requested partial judgment on PTP's patent infringement claim; nor has the court "expressly determine[d]" that "there is no just reason for delay[ing]" the entry of such a partial judgment.  (*See generally* Dkt.); *see also* Fed. R. Civ. P. 54(b).  Thus, the court concludes that Avalara's motion for an extension of time to file a 35 U.S.C. § 285 motion for fees is premature because a final judgment is a prerequisite to such an award, *see* Fed. R. Civ. P. 54(d)(2)(B)(i), and the court has not entered a partial judgment on the patent infringement claim in this case.  (*See generally* Dkt.)

The court's analysis in *Mitchell v. Eagle Painting & Maint. Co.*, No. 2:12-CV-425, 2014 WL 7338755 (N.D. Ind. Dec. 22, 2014), is instructive.  In *Mitchell*, the plaintiffs brought a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the defendant's counterclaim and a motion for attorney's fees and costs in defending against the counterclaim.  *Id.* at *1.  The *Mitchell* court granted the plaintiffs' motion to dismiss the counterclaim but denied their motion for fees and costs.  *Id.* at *3.  The *Mitchell* court denied the fees motion because the "plaintiffs ha[d] not requested the court to enter a final judgment [on the defendant's counterclaim] under Rule 54(b)," which requires an express determination that "there is no just reason for delay."  *Id.* (quoting Fed. R. Civ. P. 54(b)).  The *Mitchell* court determined that the plaintiffs' fee request was "premature" under Rule 54(d)(2)(B), which requires a party to file a such a motion within 14 days "after the entry of judgment."  *Id.* (citing Fed. R. Civ. P. 54(d)(2)(B)).

The court in *In re Maxim Integrated Prod., Inc.*, No. MDL 2354, 2015 WL 672235, at *7-10 (W.D. Pa. Feb. 17, 2015), applied the same analysis as the *Mitchell*

court specifically to a 35 U.S.C. § 285 fees motion. In *In re Maxim*, one of the defendants asked the court to enter Rule 54(b) partial final judgment on one of the plaintiff's patent infringement claims. *Id.* at *9. The defendant asked for entry of a partial final judgment on the patent claim so that it could seek its attorney fees under 35 U.S.C. § 285. *Id.* at *8-9. Because the court denied the defendant's motion for entry of partial judgment under Rule 54(b), the court also denied the defendant's 35 U.S.C. § 285 fee motion as "procedurally improper and premature under Rule 54(d)." *See id.* at *8; *see also id.* at *10 ("[T]he court denies [the defendant's] motion for entry of a partial final judgment. . . . It follows that [the defendant's] . . . motion for attorney's fees cannot be filed under after entry of judgment under Rule 54(d)(2)(B)(i)."). Based on these authorities, the court denies as moot and without prejudice Avalara's motion for an extension of time to file its 35 U.S.C. § 285 fees motion because the court has not entered a final judgment on PTP's patent infringement claim. Accordingly, the 14-day period under Rule 54(d)(2)(B)(i) for filing such a motion is not yet triggered.[2]

---

[2] Alternatively, if the court's September 27, 2019, order triggered the 14-day period under Rule 54(d)(2)(B)(i), the court would grant Avalara's Rule 6(b) motion for an extension of time to file its 35 U.S.C. § 285 fees motion until 14-days after the court enters final judgment in this case or some other action, such as a voluntary dismissal, results in the final termination of this case. Thus, the result would be effectively the same. Under Rule 6(b), the court may extend a deadline for "good cause" "if a request is made . . . before the original time or its extension expires." Fed. R. Civ. P. 6(b). Avalara filed its motion on October 10, 2019, which—if the court's September 27, 2019, order triggered the Rule 54(d)(2)(B)(i) 14-day period—is one day before the expiration of that period. (*See* MET.) "[R]equests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)).
The court agrees that good cause would exist to extend the deadline for any 35 U.S.C. § 285 fees motion until the end of the case. As Avalara points out, there may be additional

# IV. CONCLUSION

Based on the foregoing analysis, the court GRANTS in part and DENIES in part Avalara's motion to seal Exhibits A and B (Dkt. # 55), GRANTS PTP's motion to redact a portion of the transcript of the October 1, 2019, hearing (Dkt. # 80), and DENIES as MOOT Avalara's motion for an extension of time to file a 35 U.S.C. § 285 motion for attorney's fees because the 14-day period for filing such a motion under Rule 54(d)(2)(B)(i) is not yet triggered in this case (Dkt. # 68).

The court further ORDERS PTP, within seven (7) days of the filing date of this order, to (1) file its redacted versions of Exhibits A and B (*see* Dkt. ## 71-1, 71-2) on the court's docket, and (2) submit to the court reporter the place where the transcript of the October 1, 2019 hearing is to be redacted. (*See* MTR at 4 (describing the requested redaction).) The court also DIRECTS the Clerk to maintain the seal on docket numbers 58 and 59, and DIRECTS the court reporter who filed the hearing transcript (Dkt. # 63) to

//
//
//
//

---

motions for attorney's fees in this case and addressing fees requests in a piecemeal fashion would unnecessarily burden both the court and the parties with potentially repeated analysis and overlapping issues. (*See* MET at 4.) Further, the court is not persuaded that granting an extension of time would unduly prejudice PTP. Although PTP expresses its preference to litigate Avalara's motion now so that it can resolve any "threat" of an award of fees, PTP has not explained how delaying resolution of the issue would harm its legal interests or affect its conduct of the litigation going forward. Thus, if the court's September 27, 2019, order triggers the 14-day period under Rule 54(d)(2)(B)(i), the court would grant Avalara's motion for an extension of time to file its 35 U.S.C. § 285 fees motion until 14-days after the court enters final judgment in this case or some other action results in the final termination of this case.

"perform the requested redactions, and file a redacted version of the transcript" in accordance with the court's Amended General Order 15-15.

Dated this 21st day of November, 2019.

*[signature]*

JAMES L. ROBART
United States District Judge